UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDREW NAUGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-0639-TAB-RLY |
| | ) | |
| KYLER BROS. SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO DISMISS**[1]

**I.   Introduction.**

Defendant Kyler Bros. Services, Inc. allowed Plaintiff Andrew Naugle to use a company-owned vehicle during his employment. After finding illicit narcotics and paraphernalia in that vehicle, Defendant ordered Plaintiff to submit to a drug test. Plaintiff refused to take the test, and Defendant terminated his employment on January 17, 2005. [Docket No. 32, p. 6.][2]

Plaintiff then sued, claiming that Defendant failed to properly pay him overtime wages during the course of his employment and otherwise violated Indiana's Wage Payment and Claims statutes, IND. CODE §§ 22-2-5, 22-2-9 (2005). [Docket No. 39, p. 2.] Defendant responded with a four-count counterclaim alleging unjust enrichment, fraud, conversion, and breach of duty. [Docket No. 32, pp. 5-10.]

---

[1]This entry is a matter of public record and will be made available on the Court's website. However, the Court does not consider the issues addressed in this entry sufficiently novel to justify commercial publication.

[2]The foregoing factual allegations, and others not forth in this entry, are accepted as true for purposes of resolving the instant motion.

Plaintiff moves to dismiss Defendant's counterclaims for failure to state a claim pursuant to Rule 12(b)(6). [Docket No. 39, pp. 1-11.] The matter being fully briefed, the Court GRANTS in part and DENIES in part Plaintiff's motion to dismiss. [Docket No. 40, pp. 1-2.]

## II.     Discussion.

### A.     Legal standard.

"The Federal Rules require only that the complaint state a claim." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). A pleading does not fail because an argument can be made against it on the merits. To the contrary, "Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits. 'Indeed it may appear on the face of the pleading that recovery is very remote and unlikely but that is not the test.'" *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512-514 (2002) (*quoting Scheuer v. Rhodes,* 416 U.S. 232, 236 (Ind. 1974)). Furthermore, "it is well settled that Rule 12(b)(6) authorizes dismissal of a claim only if 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations' of the complaint." *Free Methodist Church of N. Am. v. Hayes,* 2005 U.S. Dist. LEXIS 28561, at *10 (S.D. Ind. 2005) (*quoting Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).[3]

### B.     Unjust enrichment regarding account receivable (Count I).

Defendant alleges that Plaintiff purchased personal tools and equipment through

---

[3] Of course Rule 9(b) creates a heightened standard of pleading for claims involving fraud. "In averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The answers to the questions who, what, when, where, and how provide the details necessary to adequately state claims for fraud. *Decatur,* 373 F.Supp.2d at 851, (*quoting DiLeo v. Ernst and Young*, 901 F.2d 624, 627 (Ill. 1990)).

Defendant's vendors using the employee account receivable during his employment. [Docket No. 32, p. 7.] Defendant further contends that the balance of the purchased goods was not fully paid with withholdings from Plaintiff's paychecks and that an outstanding balance on the purchased goods remained when Defendant terminated Plaintiff's employment. [Docket No. 32, pp. 6-7.] Defendant asserts that Plaintiff was unjustly enriched and thus, liable to Defendant for the outstanding balance. [Docket No. 32, p. 7.] Plaintiff moves to dismiss Defendant's unjust enrichment claim arguing that a contract between Plaintiff and Defendant regarding the purchased equipment precludes the remedy of unjust enrichment. [Docket No. 46, pp. 4-5.]

"To prevail on a claim for unjust enrichment, a plaintiff must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust." *Duncan v. Paragon Publ'g, Inc.*, 2001 U.S. Dist. LEXIS 18181, at *8 (S.D. Ind. 2001) (*citing Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991)). The parties agree that an outstanding balance remained regarding the personal items that Plaintiff purchased through Defendant's account receivable. [Docket Nos. 32, 46.] The outstanding balance is measurable. By keeping the personal items that Plaintiff did not fully pay for, Defendant contends that Plaintiff is unjustly enriched. [Docket No. 32, p. 7.]

Plaintiff initially argued that an oral contract regarding the purchase of personal tools and items through Defendant's vendors existed, thus making unjust enrichment an improper remedy. [Docket No. 39, p. 2.] Plaintiff retreated from this statement in his reply memorandum, and stated: "at the very least an implied contract existed as evidenced by the conduct of the parties." [Docket No. 46, p. 4.] Plaintiff contends that there is an employment contract between Plaintiff and Defendant that extends and governs items purchased through the account receivable.

[Docket No. 39, p. 10.]

If an oral (express) or implied contract existed between the parties then unjust enrichment is not the proper remedy. *DiMizio v. Romo*, 756 N.E.2d 1018, 1024 (Ind. Ct. App. 2001). A set of facts proving that no contract existed would necessarily defeat Plaintiff's only argument against the unjust enrichment claim. However, the liberal pleading standard only requires that there be a conceivable set of facts for which relief can be granted. *Free Methodist Church of N. Am., 2005* U.S. Dist. LEXIS 28561, at *10. Defendant alleges sufficient facts. In fact, the Defendant contends that none of its policies is to be construed as any type of contract between employee and employer and it notified its employees, including Plaintiff: "nothing contained in this handbook is intended to create a contract (express or implied), or otherwise to create legally enforceable obligations on the part of Kyler Brothers or its employees." [Docket No. 43-1, pp. 3-4.] Thus, the Court finds Defendant's counterclaim for unjust enrichment legally sufficient and denies Plaintiff's motion to dismiss Count I of Defendant's counterclaim.

### C. Overstated compensable hours.

Defendant's global positioning system reports give the exact positioning of its vehicles at all times. After Plaintiff was terminated, Defendant compared these records with Plaintiff's time cards. Defendant contends that these reports show that Plaintiff claimed more hours on his time cards than he actually worked. [Docket No. 32, pp. 6-7.]

### 1. Fraud regarding overstated compensable hours (Count II).

Plaintiff moves to dismiss Defendant's fraud counterclaim on the basis that Defendant failed to cite authority that employees have a duty to report their time accurately. [Docket No. 46, pp. 3-4.] Plaintiff also argues that under Indiana law an employer cannot claim fraud against

an employee because the dominant party in a relationship cannot claim fraud.  [Docket No. 39, p. 7.][4]

Plaintiff's argument is premised on the notion that the Defendant's claim of fraud cannot succeed on any set of facts unless employees have a duty to their employer to report the correct hours worked.  Plaintiff's argument confuses the requirements for actual and constructive fraud.  Defendant did not allege constructive fraud, which would have required such a duty.[5]  Instead, Defendant's allegations state a claim for actual fraud, which require only: "'(1) a material misrepresentation of past or existing facts; (2) made with knowledge or reckless ignorance of falsity; (3) causing the claimant to rely upon the misrepresentation to the claimant's detriment.'"  *Decatur Ventures, LLC v. Stapleton Ventures, Inc.,* 373 F. Supp. 2d 829, 850 (S.D. Ind. 2005) (*quoting Tobin v. Ruman*, 819 N.E.2d 78, 86 (Ind. Ct. App. 2004)).  Plaintiff's contention, therefore, does little to convince the Court that Defendant has failed to state a claim upon which relief could be granted.

The Court's analysis of the sufficiency of Defendant's fraud claim does not end here.  Plaintiff also argues that employers cannot claim fraud if the employer has the ability to police

---

[4] Plaintiff relies heavily upon *Concordia Theological Seminary, Inc. v. Hendry*, 2005 U.S. Dist. LEXIS 28528 (N.D. Ind. 2005), to argue that Defendant cannot recover for fraud under any set of facts.  However, the portion of the opinion that Plaintiff relies upon pertains to constructive fraud, not actual fraud.  The opinion concerns an omission, not a material misrepresentation.  *Id.* at 8.

[5] Constructive fraud "requires the following elements: '(1) a duty owing by the party to be charged to the complaining party due to their relationship; (2) violation of that duty by the making of deceptive material misrepresentations of past or existing facts or remaining silent when a duty to speak exists; (3) reliance thereon by the complaining party; (4) injury to the complaining party as a proximate result thereof; and (5) the gaining of an advantage by the party to be charged at the expense of the complaining party.'"  *Id.* at 850 (*quoting Siegel v. Williams*, 818 N.E.2d 510, 515-16 (Ind. Ct. App. 2004)).

its employees. [Docket No. 39, pp. 6-7.] Again, however, Plaintiff relies on case law concerning constructive fraud. *Hendry*, 2005 U.S. Dist. LEXIS 28528 at *8. *Hendry* is not helpful to the Court's assessment because the present issue before the Court involves an alleged material misrepresentation [Docket No. 32, p. 7], whereas *Hendry* involved an omission of a material fact. *Hendry*, 2005 U.S. Dist. LEXIS 28528 at *8. Plaintiff fails to cite any other authority on this point.

Lastly, Plaintiff asserts that under Indiana law an employer cannot claim fraud against an employee because the dominant party in a relationship cannot claim fraud. [Docket No. 39, p. 7.] When deciding an action of fraud, the Court must look at which type of fraud is pleaded. Actual fraud, unlike constructive fraud, does not have any elements that require some sort of relationship between the parties. *Decatur*, 373 F. Supp. 2d at 850. Defendant is pleading actual fraud. Barring recovery from an employer claiming fraud on the basis that he is not subordinate to his employee would be unjust and contrary to the well settled law on fraud.

Defendant alleges that between August 2001 and January 2005, the Plaintiff knowingly and purposefully misrepresented the hours that he actually worked on his time sheet. The Plaintiff was paid for work that was never performed due to an alleged misrepresentation of hours. [Docket No. 32, pp. 6-7.] Those facts answer the questions of who, what, when, where, and how. Defendant stated the claim with specificity, and Defendant's fraud claim is legally sufficient. Thus, the Court denies Plaintiff's motion to dismiss Count II of Defendant's counterclaim.

### 2. Breach of duty related to overstated compensable hours (Count IV).

Plaintiff moves to dismiss Defendant's breach of duty counterclaim on the basis that

Defendant failed to cite authority that employees have a duty to report their time accurately. [Docket No. 46, pp. 3-4.]  However, there is no need to prove to a complete certainty that a duty existed at this point in the proceedings.  *Swierkiewicz,* 534 U.S. at 512-514, (*citing Scheuer,* 416 U.S. at 236).  "Any district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain...' should stop and think: what rule of law *requires* a complaint to contain that allegation?...Complaints initiate the litigation but need not cover everything necessary for the plaintiff to win; factual details and legal arguments come later."  *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005).  Plaintiff failed to cite to any law that would require the Defendant to plead more factual details or legal arguments.

Defendant cites to authority in Indiana that upheld the argument that employees have a duty to their employers.  Defendant argues that, "unless otherwise agreed, an agent is subject to a duty to his principal to act solely for the benefit of the principal."  *Potts v. Review Board of Ind. Employment Sec. Div.,* 475 N.E.2d 708, 711 (Ind. Ct. App. 1985).  As previously stated, "it is well settled that Rule 12(b)(6) authorizes dismissal of a claim only if 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations' of the complaint."  *Free Methodist Church of N. Am., 2005* U.S. Dist. LEXIS 28561 at *10.  Defendant has sufficiently stated a claim.  Thus, Plaintiff's motion to dismiss Count IV of Defendant's counterclaim is denied.

       **3.**    **Conversion regarding overstated compensable hours (Count III).**

Plaintiff moves to dismiss Defendant's counterclaim for conversion on the basis that the law requires a Defendant to plead a determinate sum in particular.  [Docket No. 46, pp. 3-4.] Defendant partially concedes this point.  [Docket No. 43-1, p. 5.]  "Under Indiana law, 'money

may be the subject of a conversion action only if it is a 'determinate sum with which the defendant was entrusted to apply to a certain purpose.'" *Decatur,* 373 F. Supp.2d at 851 (*quoting Tobin v. Ruman*, 819 N.E.2d at 89). Defendant failed to allege a determinant sum that the employee was entrusted to apply to a certain purpose.

Defendant argues, however, that the monies overpaid to the Plaintiff are sufficient to base a conversion claim. [Docket No. 43-1, p. 5.] Relying on *Bowman v. State*, 573 N.E.2d 910 (Ind. Ct. App. 1991), Defendant further argues, "Not only is this type of overpayment sufficient for a civil conversion claim, it is sufficient to base a criminal conviction for theft." [Docket No. 43-1, p. 5.] *Bowman* does not address whether a determinant sum was pleaded because it concerns the issue of theft, not conversion. The Court acknowledges that all of the statutory elements of conversion are part of the statutory definition of theft. *Aschliman v. State*, 589 N.E.2d 1160, 1161 (Ind. 1992). Nevertheless, to sufficiently state a claim for conversion a plaintiff must plead a determinant sum. *Decatur,* 373 F. Supp. 2d at 851 (*quoting Tobin v. Ruman*, 819 N.E.2d at 89).

As a matter of law, the Court cannot find the conversion claim viable because Defendant has not met the pleading requirements. Therefore, the Court grants Plaintiff's motion to dismiss the conversion claim without prejudice.[6]

### 4.  Indiana Crime Victim's Relief Act.

Defendant seeks relief under the Indiana crime victim's relief act for fraud and conversion. IND. CODE § 34-24-3-1 (1999). [Docket No. 32, pp. 8-9.] "Indiana Code Section

---

[6]As this dismissal is without prejudice, Defendant is hereby granted leave to amend its counterclaim within 30 days to address the shortcomings noted in this entry.

34-24-3-1 provides that, 'If a person suffers a pecuniary loss as a result of a violation of IC 35-43, IC 35-42-3-3, IC 35-42-3-4, or IC 35-45-9, the person may bring a civil action against the person who caused the loss for' treble damages, costs, and attorney's fees." *Creative Foods of Indiana Inc. v. My Favorite Muffin, Too, Inc.,* 2002 U.S. Dist. LEXIS 2815, *10 (S.D. Ind. 2002). Defendant failed to specify which relevant provision of the Indiana Code Plaintiff allegedly violated. The Court did not find a relevant provision for the claim of fraud; however, IC § 35-43-4-3 concerns criminal conversion. "The Indiana crime victim's relief act allows a person who has suffered a pecuniary loss as a result of a violation of criminal conversion to bring a civil action to recover the loss." *Gilliana v. Paniaguas*, 708 N.E.2d 895, 899 (Ind. Ct. App. 1999). However, the Court granted the dismissal of Defendant's conversion claim for failure to plead a determinant sum. Therefore, no relief can be granted under the Indiana crime victim's relief act for Defendant's conversion claim, and Plaintiff's motion to dismiss is granted in this respect.

Defendant did not explicitly claim that Plaintiff committed theft. However, Defendant pleaded all of the necessary elements to claim theft. *Aschliman*, 589 N.E.2d at 1161 (Ind. 1992) ("A person who knowingly or intentionally exerts unauthorized control over property of another, with intent to deprive the other person of any part of its value or use, commits theft...."). Defendant sufficiently states a claim for which relief can be granted under the Indiana crime victim's relief act because theft is one of the relevant provisions of IND. CODE §§ 34-24-3-1 and 35-43-4-2. Therefore, the Court denies Plaintiff's motion to dismiss as it relates to relief sought for theft under the Indiana crime victim's relief act.

**III.     Conclusion.**

Plaintiff's motion to dismiss [Docket No. 40] is GRANTED IN PART and DENIED IN PART.  Specifically, the Court grants without prejudice Plaintiff's motion with respect to Count III of Defendant's counterclaim.  The Court further grants Plaintiff's motion as it pertains to relief sought for fraud and conversion under the Indiana crime victim's relief act.  The Court denies Plaintiff's motion as it relates to relief sought for theft under the Indiana crime victim's relief act.  Finally, the Court denies Plaintiff's motion as it pertains to Counts I, II, and IV of Defendant's counterclaim.

Dated: 03/31/2006

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

William Weatherhead Gooden
PASTORE & GOODEN P.C.
wgooden@pastoregooden.com

Ronald E. Weldy
ABRAMS & WELDY
weldy@abramsweldy.com